Council, may it please the court. My name is Brianna E. Kotke, and I am from Missoula, Montana, here on behalf of the appellant Shane White through appointment under the Criminal Justice Act. This is both my first revocation case and my first argument before the Ninth Circuit, so I apologize in advance if my nerves show through a little bit. Everybody's nervous. Good. On that side of the bench. On this side, we're pretty cool. Well, after careful consideration. Just remember you're on video, and you'll be able to watch this again and again and again. We were just talking about how I probably will not be re-watching it. If your mom's watching at home, you can wait. I'm sorry. Go ahead. Let's reset the clock to ten minutes. I hope this made you a little more relaxed. I appreciate it. Let's get started again. Okay. So after careful consideration of all of the papers that have been filed in this matter, as well as relevant case law, the primary issue we are here to focus on today is whether the five months that Mr. White served on home confinement as the result of an 18 United States Code Section 3583E4 order must be considered a term of imprisonment for the purpose of determining the maximum time available on supervised release under Section 3583 sub H. The second issue I would like to discuss if we get to it is whether the court is required to determine credit for time served awaiting sentence of revocation in order to properly calculate the maximum term of supervised release under Section 3583H. As to the first issue, I really want to focus on deprivation of liberty, not semantics of when a BOP term starts or if your feet are inside of a BOP facility or not. I think really what the aggregation principle found in the Pre-Protect Act version of these statutes goes to is deprivation of liberty. But counsel, what about the Pettis case out of the Second Circuit? The which case, sir? Which makes it clear that the term imprisonment, notwithstanding it's not defined, does not include home confinement. Well, I think that this is kind of the crux of the argument is that we have to make E4 and H hang together and we have to make it all make sense. And realistically, what happens here if we go with that interpretation, Judge O'Scanlan, is that under the current interpretation by the district court, the same deprivation of liberty that Mr. White is suffering is being treated differently depending on which side of the ledger it falls. And by ledger, I mean, you know, Knight makes it very clear that there are two things that we are to get credited. Credit goes in two place on revocation. First, it comes off the maximum term of incarceration that may be served on revocation. In our case, that's 24 months. Second, Knight tells us that the credit also must come off of any time served in incarceration will come off of the maximum term of supervised release, which in our case is 36 months. Doesn't 3583E refer to home detention as an alternative to incarceration? And isn't home detention a condition of probation? So why doesn't that just dispose of the argument? Well, because that argument treats the same exact deprivation of liberty two different ways. Under the current interpretation, because Mr. White was given less than 11 months, if he had gotten more than 11 months, all of a sudden that same five months that he served would be treated differently because it would be, let's see here. But you're equating there home detention and incarceration, which are two very different levels of restriction for an individual, aren't you? Indeed, that's true. But this sits in place, an E-4 order is what I want to call it because it's not really a modification and it's not really a revocation. It's a hybrid of E-2 and E-3. And so an E-4 order sits in place of incarceration because the only option that you would have would be revocation and imprisonment if it were not for E-4. And I think Congress made clear that they want you to have credit for those deprivations of liberty by using the phrase as an alternative for incarceration. And that's the way it's also treated under the guidelines. So it appears the Sentencing Commission also picked up on Congress's intent that we focus on the deprivation of liberty rather than the semantics of when supervised release begins or ends or if it's a condition or if it's not. But it's still the same person serving the same amount of time. But it gets mentioned twice in 3563, home detention. It gets mentioned twice. I'm sorry, in 3583. District court can impose it under 2 and can impose it under 4, right? Yes. So home detention can be either a condition of probation or it can be a punishment in itself. Yes, E-4 treats it as something more severe than E-2 does in my determination. It's treated as an alternative to incarceration under E-4. And it's the argument that when it's entered under E-4, it should be treated for counting purposes like incarceration. Yes, E-4 is a de facto revocation, it seems, because the only thing that's stopping you from going to prison is E-4, and that's home confinement, which is a much greater deprivation of liberty than community confinement or some of the other things that are comparable as conditions of probation or supervised release. The government even concedes that home confinement is much more severe deprivation of liberty. In its papers, it, quote, restricts the defendant's liberty perhaps more than any other discretionary condition. And that's in reference to 3563 B-19. But it's odd that it can also be imposed as a condition of probation, right? It's no less severe when it's imposed under 2. Correct. And that's what gets us into this kind of weird situation is making E-4 and H mean something. All of the phrases in those statutes have to mean something. And so, let's see here. So, for the Pre-Protect Act defendant, Ferguson and the Eighth Circuit case of U.S.B., I think it's Boyker, it's found at 280 F. 3rd, 824, and it's a 2002 case. They tell us that any time served in incarceration or an alternative thereto cannot exceed any maximum term of imprisonment on revocation. So, it's clear from Ferguson and Boyker that home confinement is to be considered imprisonment for aggregation purposes. And so, therefore, that one side of ledger was credited, the maximum term of incarceration that can be served. The other side of the ledger must also be credited, though. The maximum term of supervised release must also be credited. And under Knight, this time must come off both sides of the ledger. In Shane's case, that wasn't done. He was only given the credit under the incarceration, maximum incarceration portion of his sentence. And so, under the current interpretation, the same deprivation of liberty as I spoke about earlier is being treated differently depending on if he was given 11 months or something less than that. And I would like to reserve the rest of my time if there's no other questions. Thank you. Thank you. Good morning, Your Honors. Leif Johnson for the United States, and may it please the Court. Our position here is that 3583 sub H should be read by itself. And under the plain terms of that provision, it's clear from the Court's earlier decisions and a decision from the Seventh Circuit that the term or the phrase term of imprisonment actually means service in a prison institution, incarceration in a penal institution. And secondly, we take issue with the fact that it could have occurred here that the modification didn't occur pursuant to the statute because it was imposed upon a modification of conditions, not upon revocation as required by the statute. And I'd like to address each of those issues very briefly. First, in this Court's prior decisions in the Latimer case and in the Khalil case, which we've cited in our brief, the Court has treated imprisonment as it's used within the guidelines context as just what I said. It means actual service of time in an incarceration setting. Perhaps the best decision discussing that is United States v. Phipps, a Seventh Circuit decision by Judge Easterbrook, in which the Court was considering whether or not the defendant in that case got credit for time served because he had an undischarged term of home detention from a state court proceeding. And in that case, Judge Easterbrook looked across the guidelines and said, you know, term of imprisonment does not equate with home detention within the meaning of that word as a whole. And the Court concluded that that phrase has a particular meaning and it means sentence in an incarceration setting with guards at the door and behind bars. That is the common understanding or the common meaning of the phrase in the guidelines context. Well, but it can be used. It can be used. I mean, people are often given credit for time served, whether they served it in one sentence, whether they served in jail, or whether they served as home detention. So it's not – if you're trying to make the point that it's always – the two things are always different, it's much too broad a point. We think that the term – We have to look at this statute and see how this statute under which the defendant was incarcerated is being detained or being punished, what it says. And there, Your Honor, we would rely on the – What is the provision under which he was, in fact, given home detention? Was it 3583.2 or 4? I'm assuming it was 2, Your Honor, because it was a modification of supervised release pursuant to U.S. Guidelines Section 7B.1.3. So the court in – sometime in July of 2014 basically said, I'm not going to rebuild – We don't have to decide what would happen if this were a modification – if this were a revocation or whatever it is that 4 does, right? That would – yes, because we're not talking about – We don't have to decide whether that's what it means for all time under all circumstances. We just have to ask the question of whether the modification under 2 is equivalent to incarceration, right? That is certainly one way in which the court could decide this case. We think that term of imprisonment for the purposes of 3583 – You'd rather have a big win than a little win? We'll take any win we can get. That makes you so unusual among lawyers. But, Your Honor, we do think – A few lawyers come here and say, give me a little win. I don't want to be a – Well, we'll take what we can get. All we need to do or what we're being asked to do is to determine whether or not a modification of conditions under 3583-2 is equivalent to incarceration. Yes, but you also are going to need to look at 3583-H to do that. And one of the things that we point out in our brief is – Well, I guess we have to look at other things. Well, yes. But that's the question, isn't it? That is the question, and one of the things that we – And what does 3583-4 tell us? That home detention is only applied as an alternative to incarceration. If done under that section. If done under that section, exactly. And what it tells me is that – I mean, one way of reading that is to say, well, in other circumstances, they're equivalent. But when done here, they're not equivalent. They have to go out of their way to say the two are not equivalent to make an exception to the general rule. That's another way of reading 4, isn't it, in a way that's not helpful to you? Well, that is another way of reading 4. But, again, we want to ask the court to also look at sub-H, which requires that the home detention be applied upon modification. And that's actually fairly significant, I think, in the reading of that provision. Which part of H are you reading? So we're looking at sub-H at the very end, which states that less any term of imprisonment. That was imposed upon revocation. Upon revocation. Revocation is 4. Exactly. It doesn't say anything about modification under 2. Right. So a modification wouldn't give rise to credit under this provision. And that probably, I think, augers towards our larger argument that a term of – But that suggests that the two things are not really the same and that we really should limit our ruling to what 2 means because H suggests that there may be a difference, right? Yes. Or the court could simply rule, I think, consistent with its prior cases, that a term of imprisonment does not include sub-H. H does not support your broad argument that home detention always is different from incarceration. In fact, it cuts against that broad argument. We think that 3583H supports our argument that – Well, it says you don't treat it. You count it when it's done as a modification, not as a revocation. We think that that limiting phrase suggests that term of imprisonment itself never includes home detention because home detention doesn't give rise or can occur outside of the modification context. That is, it gives rise to an ambiguity of the statute if you read it that way. If you read term of imprisonment to only include prison, as Judge Easterbrook says, within an incarceration, then upon revocation would always follow. But then they would not have had the phrase upon revocation of supervised release. They would just have put a period after term of – they would have put a period before the phrase, right? Well, certainly they could have done that. We think the term upon revocation helps inform what they mean by term of imprisonment. I think that that makes some sense. When you read that in context with the other guideline provisions this court has discussed, we just don't think term of imprisonment includes home detention for the purposes of this provision. But granted, if the court were willing to go down the road that we've discussed that the term applied under sub 2 here, then obviously it wouldn't be subtracted in this particular case because it was not applied upon revocation. So I think we're talking about two alternate ways to reach the same result in this case. We think term of imprisonment, consistent with the Hager decision and the Polydor decision, never includes these substitutes for actual incarceration. Counsel, do you want to say anything about the other issue, the two months credit for time served? Yes. We think that the Wilson rule generally applies in the revocation setting. Which rule? The Wilson rule, United States v. Wilson, the Supreme Court's ruling that basically says only BOP has the authority to give credit for time served. Only BOP, meaning the Bureau of Prisons? Yes. I'm sorry, Your Honor. And on that issue, Your Honor, I did look for published case law in the revocation setting. I did not find any. I did find two unpublished decisions, one in the Fourth Circuit called United States v. Scott and one in the Third Circuit called United States v. Hernandez that did apply the rule of the Wilson case in the revocation setting. And if the Court has no further questions. Thank you. Thank you. Thank you. May it please the Court. I just want to briefly touch upon sub H and that the time is only counted if it's upon revocation. This sentence was imposed under E-4. The choices to Mr. White were get revoked and go to prison or under E-4, we're going to do a de facto revocation, modify, put you on home confinement. And so I believe that under E-4. I'm sorry. You said that choice was made. What's that? Is that in the order? The choice was made so passive. Oh, I see what you're saying. So the probation officer in this case and the judge had a conversation about what would best be done with Mr. White because he was having quite a few issues on supervision. And so he was going through drug treatment issues. They wanted to keep him going to his counselor as well. So they kept him on home confinement rather than sending him back to prison. He was also scheduled for a back surgery right in there. And I believe they wanted him to pay for that. So that's part of the reason why they kept him out. But it was under E-4. It operates as a revocation. Does the order say it's under E-4? The order is silent as to which one it was under. But it says modification, not revocation. Well, that is a probation form, that probation titles. That has nothing to do with what the deprivation of liberty was covered. What's that? You have the form? Let's look at it. Walk me through it. So in the excerpts of record, it is page 32. And if you'll notice, this is a probation form 49. It was a request to modify the conditions with the consent of the offender. And what they did was exactly what E-4 calls for. No, no, you pointed to an order, but you didn't point to any language in the order. You need to give me a page, a line, phrase, word, an actual thing. Well, unfortunately, I don't think it says actually E-4 or E-2. Does it say modification? Does it say revocation? It says modifying. It does say modifying, but this form is drafted and written by the probation office. But it's signed by the judge. Indeed it is. It is signed by the judge, but what this is titled doesn't change the deprivation of liberty that Mr. White signed. Counselor, are we looking at page 32? Uh-huh. Request for modifying the conditions, that one? Yes. Okay. It's a request and eventually was signed, obviously. Uh-huh. And where in that form does it say 3583E-4? It doesn't say E-4 or E-2, but when you look at what happened, he was either going to get revoked and go to prison or this was going to happen, and that's exactly what E-4 is. Why can't the judge say, look, I could send him back to prison, I can revoke, but instead of revoking as a loss of punishment, I will modify under 2, right? And the judge could have said, well, I could go in between, I could actually do a revocation under 4. The judge could have decided not to do either of those things and impose some other condition. The judge made a choice and the choice was to modify. That's what the form says. I believe that the deprivation of liberty is still the same, which is what the focus is on for me. Okay. Thank you. Anything else? Thank you, judges. The case, Josiah, will stand submitted.
judges: Kozinski, O'scannlain, Orrick